UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRICIA SIMMONS,

       **Plaintiff,**

vs.                                  CASE NO.:

BLUME MECHANICAL, LLC

       **Defendants.**       /

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, TRICIA SIMMONS ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, BLUME MECHANICAL, LLC ("BLUME" or "Defendant"), and states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq* and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA")*,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her medical condition and request for reasonable accommodation.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendants in Pinellas County, Florida.

5. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Pinellas County, Florida.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On November 9, 2021, the EEOC issued its right-to-sue letter. Therefore this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## PARTIES

8. Plaintiff is an adult individual who resides in Pinellas County, Florida.

9. From approximately August 8, 2018, until her termination on June 20, 2020, Plaintiff was employed by Defendant as an Officer Manager and then Assistant Controller.

10. Defendant, is and was, at all relevant times, operating in Pinellas County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

11. At all times material to this action, Defendant, was and continues to be a Florida for Profit Corporation.

12. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees (for purposes of coverage under state and federal

anti-discrimination/retaliation laws) and/or 50 employees (for purposes of FMLA coverage).

13. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

14. At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the ADA.

15. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

16. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FMLA.

17. Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

18. At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within a 75 mile radius.

19. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her taking leave which would be protected pursuant to the FMLA.

## GENERAL ALLEGATIONS

20. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's federally protected rights.

21. Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

22. Plaintiff was employed with Defendant from August 8, 2016, until her unlawful termination on June 20, 2020.

23. During her employment Plaintiff was a stellar employee, who received several promotions because of her worth ethic and attention to detail.

24. At the time of her termination, Plaintiff was employed as the Company's Assistant Controller.

25. Unfortunately, Plaintiff suffers from an autoimmune disorder and chronic back pain; which the Defendant was well aware of.

26. In or about February 2018, Plaintiff was out of work for approximately two (2) weeks in order to undergo and recover from spinal surgery.

27. Upon Plaintiff's return, her work environment appeared to be normal, however, her direct supervisor, who is also married to the Company's President and Chief Executive Officer ("CEO"), Ms. Jennifer Leavengood began to question Plaintiff's medical condition.

28. In or around December 2019, Plaintiff received a yearly bonus and was also praised for her work.

29. However, in or around January 2020, Plaintiff's health condition began to worsen.

30. Initially, Plaintiff was offered reduced hours as an accommodation, but upon Plaintiff's acceptance the offer was abruptly rescinded.

31. In or around February 2020, Plaintiff applied and was approved for FMLA.

32. As a courtesy to her supervisor, Plaintiff advised Ms. Leavengood that she had submitted her FMLA paperwork.

33. Plaintiff explained to Ms. Leavengood that she applied for FMLA because of her worsening health condition.

34. Oddly, Ms. Leavengood responded that she "was somewhat offended," that Plaintiff would request FMLA.

35. In or around late May 2020, Plaintiff's health condition further declined.

36. As such, Plaintiff sought medical treatment where she was diagnosed with colitis.

37. Plaintiff then informed Ms. Leavengood of her diagnosis.

38. Upon her return to work, Ms. Leavengood was visibly annoyed with Plaintiff and began to snap at Plaintiff for trivial reasons.

39. In or around early June 2020, Plaintiff was rushed to the hospital, where she was diagnosed with C. difficile (hereinafter "C-Diff").

40. Plaintiff again notified Ms. Leavengood of her diagnosis and requested to work remotely.

41. Mrs. Leavengood immediately denied Plaintiff's request and disabled Plaintiff's online access to prevent Plaintiff from being able to work remotely.

42. Ms. Leavengood further advised Plaintiff that Plaintiff could not return to work until she provide the Company a doctor's note clearing her to work.

43. On or about June 10, 2020, Plaintiff emailed her doctor's note to Ms. Leavengood and sent a follow up text message to Ms. Leavengood explaining that Plaintiff was cleared to come back to work.  Shortly thereafter, Plaintiff was terminated.

44. On or about June 12, 2020, The Company's President and Chief Executive Officer, Stephen Blume contacted Plaintiff to inform her that the Company was terminating her employment.

45. Plaintiff was shocked by the Company's abrupt decision and asked why.

46. Mr. Blume's response was simply that the Company "decided to go in a different direction."

47. Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

48. Plaintiff seeks all available remedies including but not limited to a declaration from this Court that Defendant has violated the FMLA and ADAA; an order awarding lost wages, benefits and other compensation; an order awarding all actual monetary losses suffered as a result of Defendant's conduct, as well as liquidated damages, per se and post judgment interest and her attorneys' fees and costs.

## COUNT I – DISCRIMINATION UNDER THE ADAAA

49. Plaintiff realleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

50. Plaintiff was a qualified individual with a disability.

51. Plaintiff was perceived as disabled by Defendant.

52. Defendant was Plaintiff's employer as defined by the ADAAA.

53. Defendant discriminated against Plaintiff because of her actual and/or perceived disability in violation of the ADAAA.

54. Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her actual and/or perceived disability.

55. Defendant had actual or constructive knowledge of the discriminatory conduct.

56. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

57. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

58. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59. Defendant's violations of the ADAAA were willful.

60. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Declaratory judgment that Defendant's practices violate the ADAAA;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

61. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-48.

62. Plaintiff is a member of a protected class due to her disability/handicap or perceived disability/handicap.

63. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her disability/handicap and/or perceived disability/handicap in violation of the FCRA.

64. Defendant knew or should have known of the discrimination.

65. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA

66. Plaintiff realleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

67. Plaintiff requested an accommodation under the ADAAA.

68. Plaintiff engaged in protected activity when she requested an accommodation under the ADAAA.

69. Plaintiff was terminated in retaliation for requesting an accommodation under the ADAAA.

70. This retaliation resulted in Plaintiff's termination.

71. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of the ADAAA.

72. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

73. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendant's practices violate the ADAAA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

74. Plaintiff re-alleges and adopts paragraphs 1 – 48 as though set forth fully herein.

75. Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

76. Plaintiff engaged in protected activity when she requested a reasonable accommodation.

77. This retaliation resulted in Plaintiff's termination.

78. By the conduct described above, Defendant treated Plaintiff differently than her non-disabled co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

79. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

80. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT V
## FMLA INTERFERENCE

81. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-48.

82. Plaintiff was an employee entitled to the protection of the FMLA.

83. Defendant was Plaintiff's employer as defined by the FMLA.

84. Defendant's actions interfered with Plaintiff's lawful exercise of her rights under the FMLA.

85. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with Plaintiff's right to take FMLA leave by terminating her while she was on FMLA-approved leave.

86. The Defendant's actions constitute violations of the FMLA.

87. Defendant's violations of the FMLA were willful.

88. As a result of Defendant's unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

89. Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f.   Prejudgment interest;

    g.   Costs and attorney's fees; and

    h.   Such other relief as the Court may deem just and proper.

## COUNT VI - FMLA RETALIATION

90. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 - 48.

91. Plaintiff was an employee entitled to the protection of the FMLA.

92. Defendant was Plaintiff's employer as defined by the FMLA.

93. Defendant discriminated and/or retaliated against Plaintiff for asserting her Rights under the FMLA.

94. Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

95. Defendant's actions constitute violations of the FMLA.

96. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

97. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

98. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

99. As a result of Defendant's actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

100. Defendant's violations of the FMLA were willful.

101. Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 7th day of February, 2022.

**s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.: 94694
RYAN D. NASO, ESQ.
Florida Bar No.: 1010800
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:    (407) 418 2079
Facsimile:     (407) 245-3390
Email:  gschmitz@forthepeople.com
            mbarreiro@forthepeople.com
            rnaso@forthepeople.com
***Attorney for Plaintiff***